Kenneth Duane ROY, Petitioner–Appellant,

v.

James GOMEZ; John Van de Kamp; and William Merkle, et al., Respondents–Appellees.

No. 94–15994.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 16, 1997.

Decided March 4, 1997.

Hill C. Snellings, Blackmon & Drozd, Sacramento, California, for petitioner-appellant.

Margaret Venturi, Deputy Attorney General, Sacramento, California, for respondents-appellees.

Before HUG, C.J., and BROWNING, WALLACE, FLETCHER, PREGERSON, POOLE,* REINHARDT, HALL, THOMPSON, RYMER, and T.G. NELSON, Circuit Judges.

### ORDER

In *California v. Roy*, —— U.S. ——, 117 S.Ct. 337, 136 L.Ed.2d 266 (1996), the United States Supreme Court reversed this court's en banc decision, *Roy v. Gomez*, 81 F.3d 863 (1996), and held that "the State, and the dissenting judges in the Ninth Circuit, are correct about the proper standard" of collateral review. *Roy*, —— U.S. at ——; 117 S.Ct. at 338. The Court was "convinced that the 'harmless error' standards enunciated in *Brecht* [*v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)] and *O'Neal* [*v. McAninch*, 513 U.S. 432, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995)] should apply to the 'trial error' before us as enunciated in those opinions and without the Ninth Circuit's modification." *Id.* at ——, 117 S.Ct. at 339. We therefore withdraw our prior en banc majority opinion.

On remand from the Court, we must determine if the erroneous jury instruction in this case "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637, 113 S.Ct. at 1722, *quoting Kotteakos v. United States*, 328 U.S.

750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946). We adopt the analysis, reasoning, and conclusions stated in the dissent to our en banc decision in *Roy*, 81 F.3d at 870–71. We hold that the erroneous jury instruction in this case neither substantially nor injuriously influenced the jury's verdict, and was thus harmless under *Brecht* and *O'Neal*.

AFFIRMED.

HUG, Chief Judge, with whom Circuit Judges FLETCHER, PREGERSON, and REINHARDT, join, dissenting:

The per curiam opinion of the Supreme Court held that the misdescription of the intent element of the felony murder charge in this case was "trial error." In vacating and remanding the judgment, the Court stated "we are convinced that the 'harmless error' standards enunciated in *Brecht* and *O'Neal* should apply to the 'trial error' before us as enunciated in those opinions and without the Ninth Circuit's modification." *California v. Roy*, —— U.S. ——, ——, 117 S.Ct. 337, 339, 136 L.Ed.2d 266 (1996).

The Court stated that the *Brecht* harmless error standard applicable to this case is "whether the error had substantial and injurious effect or influence in determining the jury's verdict." *Id.* at ——, 117 S.Ct. at 338. The Court then noted that it had added in *O'Neal* that "where a judge, in a habeas proceeding, applying this standard of harmless error, is in grave doubt as to the harmlessness of an error, the habeas petitioner must win." *Id.* (quotations and citations omitted).

Our application of that *Brecht–O'Neal* standard, which the court held to be an improper modification, was characterized as follows:

> The omission of the "intent" part of the instruction is harmless only if review of the facts found by the jury[,] namely, assistance and knowledge[,] established the jury *necessarily* found the omitted element[,] namely, intent.

*Id.*

Justice Scalia, in the concurring opinion, which Justice Ginsburg joined, interpreted

---

* Judge Poole did not participate.

the holding of the Court's per curiam opinion, stating:

I agree with what the Court decides in its per curiam opinion: that the *Brecht–O'Neal* standard for reversal of the conviction ("grave doubt as to the harmlessness of the error") rather than the more stringent *Chapman* standard (inability to find the error "harmless beyond a reasonable doubt") applies to the error in this case when it is presented, not on direct appeal, but as grounds for habeas corpus relief. The Ninth Circuit did not apply that more deferential standard, and I therefore concur in the remand.

I do not understand the opinion, however, to address the question of what constitutes the harmlessness to which this more deferential standard is applied-and on that point the Ninth Circuit was quite correct. As we held in *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), a criminal defendant is constitutionally entitled to a jury verdict that he is guilty of the crime, and absent such a verdict the conviction must be reversed, "no matter how inescapable the findings to support that verdict might be." *Id.* at 279, 113 S.Ct. at 2082. A jury verdict that he is guilty of the crime means, of course, a verdict that he is guilty of each necessary element of the crime. *United States v. Gaudin,* 515 U.S. ——, —— – ——, 115 S.Ct. 2310, 2319–20, 132 L.Ed.2d 444 (1995). Formally, at least, such a verdict did not exist here: the jury was never asked to determine that Roy had the "intent or purpose of committing, encouraging, or facilitating" his confederate's crime. *People v. Beeman,* 35 Cal.3d 547, 561, 199 Cal.Rptr. 60, 68–69, 674 P.2d 1318, 1326 (1984).

The absence of a formal verdict on this point cannot be rendered harmless by the fact that, given the evidence, no reasonable jury would have found otherwise. To allow the error to be cured in that fashion would be to dispense with trial by jury. "The Sixth Amendment requires more than appellate speculation about a hypothetical jury's action, or else directed verdicts for the State would be sustainable on appeal; it requires an actual jury finding of guilty." *Sullivan,* supra, at 280, 113 S.Ct. at 2082. The error in the present case can be harmless only if the jury verdict on other points effectively embraces this one or if it is impossible, upon the evidence, to have found what the verdict did find without finding this point as well. *See Carella v. California,* 491 U.S. 263, 271, 109 S.Ct. 2419, 2423–24, 105 L.Ed.2d 218 (1989) (Scalia, J., concurring). I concur in the remand so that the Ninth Circuit may determine whether there is "grave doubt" that this is so, rather than (what it did) determine whether it is impossible to "be certain" that this is so.

*Roy,* —— U.S. at —— – ——, 117 S.Ct. at 339–40 (Scalia, J., concurring).

The Supreme Court vacated our determination and remanded for further proceedings consistent with its opinion. The difficulty is to ascertain exactly what further proceedings are consistent with that opinion. Justice Scalia's concurring opinion interprets the requirement of the remand to be to determine whether there is "grave doubt" that "the jury verdict on other points effectively embraces [the intent element] or if it is impossible, upon the evidence, to have found what the verdict did find without finding [the intent element] as well." *Roy,* —— U.S. at —— – ——, 117 S.Ct. at 339–40.

No response was made in the per curiam opinion that would indicate that Justice Scalia's interpretation was a faulty or incorrect one. Thus, unless we are to completely ignore Justice Scalia's opinion as a misinterpretation, we should give it credence as a reasonable interpretation. Under his interpretation, the per curiam opinion did not address what constitutes the harmfulness to which the more deferential *Brecht–O'Neal* standard of certainty applies. The focus of the harmfulness inquiry under Justice Scalia's interpretation remains what the jury "actually found," and whether it is the functional equivalent of a finding on the omitted or misdescribed element. It is not a review of the overall evidence to determine what a judge or judges believe a reasonable jury "would have found" under a proper instruction.

Chief Judge Newman, in a carefully considered concurrence to an en banc opinion, delineated the uncertainties created by the Supreme Court's per curiam opinion and Justice Scalia's concurrence. *Peck v. United States,* 102 F.3d 1319 (2nd Cir.1996). Chief Judge Newman notes that "[f]ormulating an approach for deciding criminal cases in which a constitutional error is claimed to be harmless requires consideration of two distinct issues: what standard is to be applied in determining whether an error is harmless, and how certain must a court be that an error is harmless, under the applicable standard, before it may leave a conviction undisturbed." *Id.* at 1320. He further notes that, "for Justices Scalia and Ginsburg the Supreme Court's reversal in *Roy* concerned only the degree of certainty the reviewing court must have as to whether the error was harmless and did not even "address" the standard for assessing harmlessness when a jury charge omits (or misdescribes) an element of an offense." *Id.* at 1325.

Obviously, Justice Scalia's interpretation is not the only possible interpretation. As Chief Judge Newman points out in *Peck,* the meaning of the per curiam opinion remains uncertain. However, I find Justice Scalia's interpretation very persuasive because it upholds the defendant's Sixth Amendment right not to be convicted unless a jury actually finds him guilty of all necessary elements of the crime. *United States v. Gaudin,* ― U.S. ―, ― ― ―, 115 S.Ct. 2310, 2319–20, 132 L.Ed.2d 444 (1995); *Sullivan v. Louisiana,* 508 U.S. 275, 277–78, 113 S.Ct. 2078, 2080–81, 124 L.Ed.2d 182 (1993); *In re Winship,* 397 U.S. 358, 361–65, 90 S.Ct. 1068, 1071–73, 25 L.Ed.2d 368 (1970).

The Sixth Amendment right to have the jury make the findings on all necessary elements of a crime is equally applicable to defendants in a state court trial as in a federal court trial. *Sullivan,* 508 U.S. at 277, 113 S.Ct. at 2080. Because the Sixth Amendment right is identical in a federal or a state proceeding, we cannot logically be looking to see what the jury "actually found" in a federal court proceeding and yet be looking to what a reasonable jury "would have found" in a state court proceeding. If

the constitutional right is the same, the inquiry as to whether it was violated must be the same. The deference due to state court findings in a habeas proceeding under *Brecht–O'Neal* cannot logically be applied to create a different inquiry, but rather, it must concern the certainty of the state court determination under the proper inquiry. Thus, the *Brecht–O'Neal* deference concerns the certainty with which the state court determined what the jury actually found and whether it is the functional equivalent of the required finding.

Roy was convicted of first-degree felony murder of Mannix on the basis that he aided and abetted in the robbery of Mannix by McHargue. It is conceded that the instruction on aiding and abetting was erroneous because it did not require a finding that the defendant intended to encourage or facilitate the offense (robbery of Mannix) with which the principal (McHargue) was charged, as required by *People v. Beeman,* 35 Cal.3d 547, 199 Cal.Rptr. 60, 674 P.2d 1318 (1984). The requisite intent is an element of the crime.

A finding that Roy aided McHargue with the knowledge he intended to rob Mannix is not equivalent to finding that he intended to encourage or facilitate the robbery, otherwise there would not be a need for an intent instruction, as required by *Beeman.* A finding of "knowledge" and a finding of "aid" is not the same as a finding of "intent," or its functional equivalent. A finding concerning intent requires a different inquiry and one which the jury was not asked to make. Only by examining the overall evidence and concluding what a jury "would have found" under a proper instruction can a harmlessness determination be made. In my view, this conflicts with the Sixth Amendment right to have a jury determine all necessary elements of a crime, as required by *Sullivan* and elaborated by Justice Scalia.

In applying the Court's opinion in *California v. Roy,* as interpreted by Justice Scalia, I am in "grave doubt" as to whether, in this case, "the jury verdict on other points effectively embraces this one [the intent required by *Beeman* ] or if it is impossible, upon the evidence, to have found what the verdict did find without finding this point as well." *Roy,*

—— U.S. at ——·——, 117 S.Ct. at 339–40. Therefore, I would *REVERSE* the convictions of robbery and felony murder under Justice Scalia's interpretation of the Supreme Court's per curiam opinion.