116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven H. CASWELL, Petitioner-Appellant,
v.
Arthur CALDERON, Warden, Respondent-Appellee.
 No. 93-16146.
 United States Court of Appeals, Ninth Circuit.
 June 3, 1997.
As Amended on Denial of Rehearing June 26, 1997.*
 
 Before GOODWIN, REINHARDT, and FERNANDEZ,*** Circuit Judges.
 MEMORANDUM**
 Petitioner Steven Caswell appeals the denial of his habeas petition under 28 U.S.C. § 2254. We initially affirmed the district court's decision on June 14, 1995, in an unpublished disposition. Caswell filed a timely petition for rehearing, and we deferred action on the petition pending the disposition of Roy v. Gomez, 81 F.3d 863 (9th Cir.) (en banc) ("Roy I "), rev'd, California v. Roy, 117 S.Ct. 337 (1996), on remand, 108 F.3d 242 (9th Cir.1997) (en banc) ("Roy II "). On August 14, 1996, in light of our first en banc decision in Roy, we granted the petition for rehearing, vacated our previous disposition, and reversed the denial of Caswell's habeas petition. We then stayed issuance of the mandate to permit the state to petition for a writ of certiorari. Following its reversal of Roy I, the Supreme Court granted certiorari in this case, vacated our decision, and remanded for reconsideration in light of its earlier action. We now return to our pre-Roy position and affirm the denial of Caswell's petition.
 We need not repeat the facts of this case yet again. It is clear that omission of the specific intent requirement from the aiding and abetting instruction was a trial error; the question is, once again, whether the error was harmless. Collateral relief is warranted if the error had a "substantial and injurious effect or influence in determining the jury's verdict," Brecht v. Abrahamson, 507 U.S. 619, 623 (1993), or if the record is so evenly balanced that we are "in grave doubt as to the harmlessness of the error." O'Neal v. McAninch, 115 S.Ct. 992, 995 (1995). We will review the record to determine the effect of the error. Roy II, 108 F.3d at 243 (citing Roy I, 81 F.3d at 870 (Wallace, J., dissenting)).
 
 
 1
 It is highly unlikely that the jury found that Caswell knew of Englund's criminal intent and actively assisted him in committing the crimes, but failed to find that he intended to facilitate the commission of those crimes. The evidence showed that the assistance Caswell rendered was not only knowing, but extensive: he pulled the four victims from their vehicle; he instructed them to follow Englund's instructions because Englund had a "hole in his leg"; he demanded the victims' money; he ordered the victims to disrobe and tied up three of them with a rope; he pushed one of the victims over a cliff and attempted to push the remaining victims over as well; he reversed his earlier position by telling Englund to shoot the remaining victims; and he watched as Englund did in fact shoot them. In light of this evidence--which the jury apparently credited and which Caswell does not dispute for the most part--it would have been highly difficult for a rational jury to avoid concluding that Caswell intended to further the commission of the crimes. Accordingly, we cannot conclude on the record before us that the error had a substantial and injurious effect or influence in determining the jury's verdict. Finally, we cannot see how testimony by Caswell could have led the jury to conclude that he was an involuntary participant in the crimes; nor will we assume, as Caswell urges, that he would have testified to that effect had the jury been instructed on intent. Cf. Luce v. United States, 469 U.S. 38, 43 (1984) (reviewing courts cannot assume that adverse in limine evidentiary ruling motivated a defendant's decision not to testify).
 
 The judgment of the district court is
 
 2
 AFFIRMED.
 
 
 
 *
 Judges Reinhardt and Fernandez vote to reject the suggestion for rehearing en banc, and Judge Goodwin so recommends
 
 
 **
 * Judge Poole was not available to rehear this matter. Judge Fernandez has been drawn in his place
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3