139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel FEDERENKO, Petitioner-Appellant,
v.
James GOMEZ, Director, California Department of Corrections;
Daniel Lundgren, Attorney General, Respondents-Appellees.
 No. 97-15543.
D.C. No. CV-92-00418-WBS.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, Chief Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel Federenko, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction for burglary, robbery, and first-degree murder with the special circumstances of burglary and robbery. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Federenko contends that the trial court's failure to sua sponte instruct the jury on the relationship between voluntary intoxication and the specific intent elements required for burglary and robbery violated his due process rights. This contention lacks merit.
 
 
 4
 The district's court's decision to grant or deny a section 2254 petition is reviewed de novo. See Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 588, 136 L.Ed.2d 517 (1996). The question is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process". See Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). Petitioners are entitled to habeas relief in federal court only if petitioners can establish that the erroneous omission of a jury instruction "had substantial and injurious effect or influence in determining the jury's verdict." California v. Roy, 519 U.S. 2, ----, 117 S.Ct. 337, 339, 136 L.Ed.2d 266 (1996) (per curiam); Roy v. Gomez, 108 F.3d 242, 243 (9th Cir.) (en banc), cert. denied, --- U.S. ----, 118 S.Ct. 196, 139 L.Ed.2d 134 (1997).
 
 
 5
 The defendant did not present evidence that he lacked the capacity to form the specific intent for burglary and robbery because of voluntary intoxication. Here, the trial court did not sua sponte give the jury instructions regarding the possible effect voluntary intoxication had on Federenko's ability to form the specific intent to commit burglary or robbery. Federenko admitted an intent to steal from the victim and Federenko's own expert witness testified that Federenko had the capacity to form the specific intent for burglary and robbery. Given this evidence we conclude that the failure to give the jury instruction did not have a "substantial and injurious effect or influence in determining the jury's verdict." See id. at 339; Roy, 108 F.3d at 243.
 
 
 6
 Federenko also contends that the trial court's failure to give the voluntary intoxication jury instruction amounted to a burden-shifting error. This contention lacks merit because the omission of this instruction did not relieve the prosecution of proving specific intent. Cf. Francis v. Franklin, 471 U.S. 307, 314, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) (an instruction violates due process if it creates a mandatory presumption which shifts from the prosecution the burden of proving beyond a reasonable doubt an essential element of the defense). Accordingly, the failure to give the jury instruction was not a burden-shifting error. See id.; Martinez-Villareal, 80 F.3d at 1305.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3