Miller, E. Cooper, & E. Gressman, Federal Practice and Procedure § 3922, pp. 29–30 (1977).

More important, petitioners were not provided the "full and fair opportunity to litigate" the case below that is a prerequisite to application of principles of res judicata. *Montana* v. *United States*, 440 U. S. 147, 153 (1979); accord, *Blonder-Tongue Laboratories, Inc.* v. *University of Ill. Foundation*, 402 U. S. 313, 329 (1971). (In this regard, I hardly need observe that the Court's action on the petition for certiorari today does not act as a disposition on the merits.)

Of course I do not mean to imply any opinion about other procedural defenses to which any such further action may be subject, or about its underlying merits, beyond the suggestion conveyed by my separate writing that the claim should not be foreclosed. The Court has not spoken squarely on the underlying issue since *In re Kemmler*, 136 U. S. 436 (1890), and the holding of that case does not constitute a dispositive response to litigation of the issue in light of modern knowledge about the method of execution in question.

No. 92–8706 (A–860). SAWYERS *v.* COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. C. A. 5th Cir. Application for stay of execution of sentence of death, presented to JUSTICE SCALIA, and by him referred to the Court, denied. Certiorari denied. JUSTICE BLACKMUN and JUSTICE STEVENS would grant the application for stay of execution.

No. 92–8741 (A–870). SAWYERS *v.* TEXAS. Ct. Crim. App. Tex. Application for stay of execution of sentence of death, presented to JUSTICE SCALIA, and by him referred to the Court, denied. Certiorari denied.

No. 91–7733. RADLEY *v.* UNITED STATES, 507 U. S. 908;

No. 92–1198. MATYASTIK *v.* TEXAS, 507 U. S. 921;

No. 92–1219. LEIGHTON *v.* DREXEL BURNHAM LAMBERT GROUP, INC., ET AL., 507 U. S. 1001;

No. 92–1271. ESQUIVEL-BERRIOS *v.* IMMIGRATION AND NATURALIZATION SERVICE, 507 U. S. 1050;

No. 92–6593. WASHINGTON *v.* KOENIG ET AL., 507 U. S. 1006;

No. 92–6752. MONTGOMERY v. UNITED STATES POSTAL SERVICE, 507 U. S. 926;

No. 92–6781. COOPER v. PURKETT, SUPERINTENDENT, FARMINGTON CORRECTIONAL CENTER, 507 U. S. 989;

No. 92–6941. DONALD v. UNITED STATES DEPARTMENT OF EDUCATION, 507 U. S. 975;

No. 92–6962. RICHEY v. OHIO, 507 U. S. 989;

No. 92–7142. HOLBROOK v. KENTUCKY, 507 U. S. 963;

No. 92–7271. HANNER v. PUCKETT, SUPERINTENDENT, MISSISSIPPI STATE PENITENTIARY, ET AL., 507 U. S. 991;

No. 92–7277. SLABOCHOVA v. SHALALA, SECRETARY OF HEALTH AND HUMAN SERVICES, ET AL., 507 U. S. 991;

No. 92–7284. CARRIGER v. LEWIS, DIRECTOR, ARIZONA DEPARTMENT OF CORRECTIONS, ET AL., 507 U. S. 992;

No. 92–7299. HODGES v. GEORGIA DEPARTMENT OF CORRECTIONS ET AL., 507 U. S. 946;

No. 92–7317. HO v. MARTIN MARIETTA AEROSPACE ET AL., 507 U. S. 993;

No. 92–7333. HELZER v. MICHIGAN, 507 U. S. 993;

No. 92–7349. BYRD v. BEARD ET AL., 507 U. S. 994;

No. 92–7373. ZIEBARTH v. FEDERAL LAND BANK ET AL., 507 U. S. 994;

No. 92–7435. ALLUSTIARTE ET AL. v. RUDNICK ET AL., 507 U. S. 1007;

No. 92–7436. CALDWELL v. UNITED STATES, 507 U. S. 978;

No. 92–7442. PAREZ v. GENERAL ATOMICS, 507 U. S. 1007;

No. 92–7446. HOULE ET UX. v. ALLSTATE INSURANCE CO., 507 U. S. 995;

No. 92–7457. MATHENIA v. DELO, SUPERINTENDENT, POTOSI CORRECTIONAL CENTER, 507 U. S. 995;

No. 92–7465. NGUYEN v. EVANS, 507 U. S. 995;

No. 92–7477. SWENSON v. CASPARI, SUPERINTENDENT, MISSOURI EASTERN CORRECTIONAL CENTER, 507 U. S. 1008;

No. 92–7500. PROPES v. TRIGG, SUPERINTENDENT, INDIANA YOUTH CENTER, 507 U. S. 996;

No. 92–7502. MOUNT v. UNITED STATES, 507 U. S. 996; and

No. 92–7761. IN RE RETTIG, 507 U. S. 1003. Petitions for rehearing denied.