113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kem NANDKESHWAR, Petitioner-Appellant,
v.
William A. MERKLE, Respondent-Appellee.
 No. 96-15947.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.*
Decided May 16, 1997.
 
 Before: HUG, Chief Judge, GOODWIN and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California State prisoner Kem Nandkeshwar appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Nandkeshwar's only argument on appeal is that after a conviction had been returned in his rape trial, a juror commented that in his booking picture, which had been admitted into evidence, Nandkeshwar looked like a terrorist. Nandkeshwar contends that this shows the juror was biased, thus depriving him of his right to an impartial jury in violation of the Sixth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 Background
 
 3
 Nandkeshwar was convicted by a California state jury of rape of a victim incapable of giving consent; rape by force; penetration by foreign object; kidnap with intent to commit rape; sexual battery; and false imprisonment. After trial, one juror, in response to a question from a defense investigator as to how he felt the trial had gone, stated, "I thought [in his booking picture] he looked like a terrorist." Nandkeshwar then moved for a new trial, arguing that this statement showed that this juror was actually biased against Nandkeshwar based on his foreign ancestry. The trial court held an evidentiary hearing and the juror testified that the booking picture did not make him feel that Nandkeshwar was any more or less guilty of the charges. The trial court denied Nandkeshwar's motion, stating that the evidence that was presented was "not sufficient" to establish a claim of juror bias.
 
 
 4
 The California Court of Appeal affirmed all the convictions except for the kidnapping. With respect to the juror bias claim, the Court of Appeal stated, "[t]his claim is meritless.... The trial court accepted the juror's testimony and found the statement 'insufficient' to establish misconduct. We agree." The court further held that the juror's comment was "nothing more than an observation concerning how defendant looked in a particular booking photo. The comment does not reasonably support an inference that the juror was actually biased against defendant because of his foreign ancestry, concealed this bias during voir dire, and then prejudged the case." The California Supreme Court refused to hear Nandkeshwar's appeal, and he then filed a petition for habeas corpus in the district court. The district court dismissed Nandkeshwar's petition but issued a certificate of probable cause to appeal.[1]
 
 Standard of Review
 
 5
 We review de novo the district court's dismissal of a section 2254 habeas petition. Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.), cert. denied, 117 S.Ct. 588 (1996).[2]
 
 Analysis
 
 6
 The Sixth Amendment guarantees a fair trial by an impartial jury. Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991). If even a single juror is "unduly biased or prejudiced" the defendant has been denied his right to an impartial jury. Id. at 523-24. The remedy for alleged juror bias is a post-trial hearing in which the defendant has a chance to prove bias. Id. at 524.
 
 
 7
 In a collateral review of such a post-trial hearing, we must give the state court's factual findings a presumption of correctness, unless of course the determination is "not fairly supported" by the state court record. 28 U.S.C. § 2254(d). This presumption applies to the factual findings of the trial court as well as to the findings of the appellate court. Rushen v. Spain, 464 U.S. 114, 120 (1983) (per curiam). The question of whether an individual juror was biased is not a mixed question of law and fact, it is "plainly one of historical fact." Patton v. Yount, 467 U.S. 1025, 1036 (1984). Because this determination is "essentially one of credibility, and therefore largely one of demeanor ... the trial court's resolution of such questions is entitled ... to 'special deference. ' " Id. at 1038 (emphasis added).
 
 
 8
 In the case at bar, the trial court held an evidentiary hearing at which the allegedly biased juror testified. The trial court was thus in a position to judge the credibility of both the juror's explanation of his initial statement and his testimony that he had not prejudged the case. The trial court determined that the evidence presented in the hearing was "not sufficient" to establish bias. While the trial court did not make explicit factual findings, " 'not every finding of fact need be stated on the record in infinite detail and clarity.' " Tinsley, 895 F.2d at 525 (quoting Knaubert v. Goldsmith, 791 F.2d 722, 727 (9th Cir.1986)). In Tinsley, at the conclusion of the hearing on juror bias, the trial court, without comment, denied the motion for a new trial. Id. at 524. We held that in some circumstances "a factual determination is implicit in the actions taken by a state court." Id. at 525 (emphasis added). Such an implicit factual determination was made in this case. The trial court had an opportunity to judge the credibility of the juror's testimony and observe his demeanor. By finding that Nandkeshwar failed to carry his burden of proving bias, the trial court implicitly determined that the juror was not biased against Nandkeshwar. Furthermore, the California Court of Appeal independently examined the record and determined that Nandkeshwar's claim was "meritless."
 
 
 9
 Because we must give special deference to the factual findings of both the state trial and appellate courts, and because we conclude that the record fairly supports the implied determination of the state courts that the juror was not biased, the judgment of the district court is
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The certificate of probable cause allowed Nandkeshwar to appeal both the juror bias decision and a claim that his due process rights had been violated by the trial court's refusal to allow him to review the complainant's medical records. However, Nandkeshwar only raises the juror bias claim on appeal
 
 
 [2]
 Nandkeshwar's habeas petition was filed in the district court on October 12, 1995. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was signed into law. The Act does not apply to petitions filed before its effective date, thus the Act does not apply to this case. Jeffries v. Wood, 103 F.3d 827 (9th Cir.1996)