122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Bai FORNAH, Petitioner-Appellant,
v.
STATE of Washington, Respondent-Appellee.
 No. 96-35422.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, D.C. No. CV-95-00339-CRD; Carolyn R. Dimmick, Chief Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George Bai Fornah, a former Washington state prisoner, appeals pro se the district court's denial of his habeas corpus petition pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Fornah contends on appeal that the district court erred and he is entitled to issuance of the writ of habeas corpus and a new state trial because the state trial court erred by: (1) admitting the testimony of the complaining witness's treating physician; (2) denying cross-examination of the complaining witness and her treating physician regarding the complaining witness's mental illness, (3) failing to provide Fornah with the complaining witness's psychiatric records after conducting a limited in camera review; (4) allowing opinion testimony from a social worker that the complaining witness was sexually assaulted; (5) allowing the prosecution to present irrelevant and prejudicial evidence; and because there was cumulative error. Because Fornah did not raise any of these issues in his section 2254 petition before the district. court, we do not review them here. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994).[1]
 
 
 4
 Furthermore, because Fornah failed to timely present any of these issues before a Washington state court, his claims are procedurally barred under Washington state law and therefore are not cognizable under 28 U.S.C. § 2254. See Wash. Rev.Code § 10.73.090 (1997); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1304 (9th Cir.), cert. denied, 117 S.Ct. 588 (1996).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Fornah raised the following claims in his section 2254 petition: (1) his conviction was obtained by use of evidence obtained pursuant to an unlawful search, seizure and arrest; (2) his conviction violated the Double Jeopardy Clause; (3) his conviction was obtained by coercion; and (4) the prosecution failed to disclose exculpatory evidence