124 F.3d 215
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter WONG, Petitioner-Appellant,
v.
Ivalee HENRY, Respondent-Appellee.
 No. 96-15332.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.*
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-92-01402-CAL; Charles A. Legge, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peter Wong appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Wong contends that the district court erred by determining that counsel rendered effective assistance when he failed to inform Wong of a plea offer. We review de novo a district court's denial of a section 2254 petition, see Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.1996), and review for clear error findings of fact, see Swan v. Peterson, 6 F.3d 1373, 1379 (9th Cir.1993). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Wong contends that he was prejudiced when his attorney rejected a three-year plea offer without communicating the offer to him. We disagree.
 
 
 4
 A defendant who voluntarily and knowingly pleads guilty waives all nonjurisdictional defects in the criminal proceeding. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); see also United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (holding that pre-plea ineffective assistance of counsel claims are also waived). A district court's determination regarding the credibility of a witness is accorded special deference, unless it lacks fair support in the record. See Marshall v. Lonberger, 459 U.S. 422, 434 (1983); see also Spain v. Rushen, 883 F.2d 712, 717 (9th Cir.1989) (per curiam).
 
 
 5
 Here, the district court held an evidentiary hearing and determined that, even though counsel's performance was deficient, Wong was not prejudiced by counsel's failure to communicate the initial three-year offer. The district court determined that Wong and counsel made a tactical decision to seek probation or a mitigated sentence by rejecting plea offers involving custody and challenging the constitutionality of the prior convictions. The district court also found Wong's testimony incredible in light of its inconsistencies with counsel's testimony.
 
 
 6
 Because Wong's ineffectiveness claim hinges on counsel's actions prior to the no-contest plea, see Bohn, 956 F.2d at 209, and because we conclude that the district court's credibility determinations are supported by the record, see Marshall, 459 U.S. at 434, the district court did not err by denying Wong's section 2254 petition, see Martinez-Villareal, 80 F.3d at 1305.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We do not analyze Wong's contention under Hill v. Lockhart, 474 U.S. 52 (1985), because he does not challenge the voluntariness of his plea