127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lillian BOYETTE and Florian Carlos, Petitioners/Appellants,
v.
Daniel LUNGREN, Attorney General of the State of California,
Respondent/Appellee.
 No. 96-17211.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 15, 1997.**
Decided Oct. 8, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-93-1994-DFL-JFM-P; David F. Levi, District Judge, Presiding.
 Before: BROWNING and THOMPSON, Circuit Judges, and MOSKOWITZ,*** District Judge.
 MEMORANDUM*
 Lillian Boyette and Florian Carlos ("Appellants") appeal from the decision of the district court denying their petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Appellants contend that the prosecutor's use of perjured testimony and his failure to disclose exculpatory information to the defense constitute error under Brady v. Maryland, 373 U.S. 83, 87 (1963), and compel reversal and issuance of the writ. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm the decision of the district court.
 STANDARD OF REVIEW
 The denial of a petition for writ of habeas corpus by a district court is reviewed de novo. Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.1996); Roth v. United States Parole Comm'n, 724 F.2d 836, 839 (9th Cir.1984). Findings of fact by a magistrate judge that are adopted by a district court are reviewed for clear error. See Moran v. McDaniel, 80 F.3d 1301, 1305 (9th Cir.1996).
 DISCUSSION
 To establish a Brady violation, undisclosed evidence must be favorable to the accused, whether that evidence is characterized as exculpatory or impeachment evidence. United States v. Bagley, 473 U.S. 667, 676-77 (1985). The evidence must also be material-that is, it must be such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. at 682 (Blackmun, J.); id. at 685 (White, J., concurring in part and concurring in judgment).
 
 
 1
 Within the Brady framework, the use by a prosecutor of perjured testimony merits its own standard: "[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976) (footnote omitted); Napue v. Illinois, 360 U.S. 264, 271 (1959); see Bagley, 473 U.S. at 679 n. 8 (reaffirming this holding of Agurs ).
 
 
 2
 Having carefully reviewed all of the evidence and the arguments made in the briefs, we conclude that Appellants have not shown that the prosecutor made knowing use of perjured testimony. We also conclude that the district court's finding that government witness Noli Burgos did not commit perjury is not clearly erroneous.
 
 
 3
 Evaluating the cumulative effect of the undisclosed evidence, Kyles v. Wnitley, 514 U.S. 419, 436-41 (1995), moreover, the statements by Burgos to the prosecutor do not put the case in such a different Light that confidence in the jury verdict is undermined. Id. at 425. As no Brady violation has been shown, we affirm the decision of the district court denying the petition for writ of habeas corpus.
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3