127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Fredrick PAYNE, Petitioner-Appellant,
v.
George INGLE, Warden, Mule Creek State Prison; Sacramento
County Superior Court, Respondents-Appellees.
 No. 96-17322.
 United States Court of Appeals, Ninth Circuit.
 Aruged and Submitted October 8, 1997.
Decided October 14, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, David F. Levi, District Judge, Presiding; No. CV-91-00889-DFL.
 Before: HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 MEMORANDUM
 
 1
 Payne appeals from the denial of his petition for writ of habeas corpus and challenges his conviction for second degree murder. The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 2
 Payne contends that (1) the jury was contaminated because a juror was exposed to, and discussed with other jurors, a newspaper article about Payne's previous murder conviction, and (2) the district court abused its discretion in not granting Payne a continuance to subpoena a witness to testify at an evidentiary hearing on the juror contamination issue.
 
 
 3
 * We review the district court's denial of a petition for writ of habeas corpus de novo. Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.), cert. denied, 117 S.Ct. 588 (1996). We review district court findings of fact for clear error. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). "If the district court's account of the evidence is plausible in light of the record reviewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985).
 
 
 4
 Payne alleges that juror Fullwood was contaminated by her exposure to a newspaper article which mentioned his previous murder conviction. Payne asserts that Fullwood gained information from her husband, who read the article, and that she passed on the information to the other jurors.
 
 
 5
 The magistrate judge conducted an evidentiary hearing on alleged jury contamination and his findings were adopted in full in the district court's opinion. The court did not clearly err in finding that Payne failed to prove jury contamination. Payne primarily relied on the affidavit by juror Thompson, which stated that juror Fullwood had "told us something to the effect that the 'other time' was when he (Payne) was involved there were a couple of people killed and Ms. FULLWOOD said that one of the people killed was a little girl; ... [she] did not tell us where she got the information."
 
 
 6
 This affidavit, however, was repudiated by its author at the evidentiary hearing. The newspaper account was introduced as evidence, but the version accessible to Fullwood mentions that Payne killed two people without describing the victims, which further supports the district court's finding that Thompson's affidavit was incorrect. Although the court characterized Fullwood's testimony as "ambiguous and self-contradictory," it held that Payne "failed to produce any article from which Fullwood might have obtained her supposed information."
 
 
 7
 We must defer to the district court's findings on the misconduct evidence because we are not convinced that they are clearly erroneous. Payne presented little if any uncontradicted evidence that Fullwood knew or communicated prejudicial information.
 
 
 8
 In addition, knowledge of the murders by Fullwood or other jurors would be harmless error because the uncontested statement that Payne had previously murdered, and evidence from several sources, that he had spent 16 years in jail were previously admitted at trial. See United States v. Bagley, 641 F.2d 1235, 1241 (9th Cir.1981) (harmless error if juror's extraneous material duplicative of properly introduced evidence). Any exposure by Fullwood to additional evidence of Payne's criminal record would not have the required "substantial and injurious effect or influence in determining the jury's verdict." Lawson v. Borg, 60 F.3d 608, 612 (9th Cir.1995), quoting Brecht v. Abrahamson, 507 U.S. 619 (1993).
 
 II
 
 9
 Payne appeals the denial of his second motion for a continuance to subpoena a witness for the juror contamination hearing. We review denial of a motion for a continuance for abuse of discretion. United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir.1994), cert. denied, 514 U.S. 1008 (1995). Since the request was made in the midst of the hearing, the delay was based on Payne's misunderstanding of the rules for compensation of service of subpoenas, and a prior continuance had been granted to subpoena the same witnesses, the judge did not abuse his discretion in denying the continuance.
 
 
 10
 AFFIRMED.