**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Christopher PRATT, Defendant— Appellant.**

United States of America,
Plaintiff—Appellee,

v.

Deanna CHAPIN, Defendant—
Appellant.

No. 03–30452, 03–30543.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2004.

Decided Aug. 2, 2004.

Nancy D. Cook, Esq., Office of the U.S. Attorney, Coeur d'Alene, ID, Alan G. Burrow, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Brian D. Thie, Esq., Moscow, ID, David E. Dokken, Esq., Creason, Moore & Dokken, Lewiston, ID, for Defendant–Appellant.

Before: B. FLETCHER, HAMILTON,[*] and BERZON, Circuit Judges.

## MEMORANDUM [**]

Christopher Pratt ("Pratt") and Deanna Chapin ("Chapin") appeal the district court's denial of their joint motion to suppress.

This court reviews de novo a district court's determination of whether an investigatory stop is supported by reasonable suspicion, *United States v. Colin*, 314 F.3d 439, 442 (9th Cir.2002) (citation omitted), and whether probable cause supports a warrantless automobile search. *United States v. Ibarra*, 345 F.3d 711, 715 (9th Cir.2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 1464, 158 L.Ed.2d 119 (2004) (citation omitted). We review underlying factual findings for clear error. *United States v. Perez–Lopez*, 348 F.3d 839, 844 (9th Cir. 2003). As the facts are familiar to the parties, we do not recite them here except as necessary to understand our disposition. We affirm.

■ The district court correctly found that Border Patrol Agents Benson and Smith had the requisite reasonable suspicion to initiate an investigatory stop of Pratt and Chapin. A court must consider "the combination of factors motivating an investigatory stop to determine whether they support a finding of reasonable suspicion under the 'totality of the circumstances.'" *United States v. Diaz–Juarez;* 299 F.3d 1138, 1141 (9th Cir.2002) (quoting *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002)). Such review must include of "all relevant factors ... even those factors that, in a different context, might be entirely innocu-

ous." *United States v. Fernandez–Castillo*, 324 F.3d 1114, 1117 (9th Cir.), *cert. denied*, —— U.S. ——, 124 S.Ct. 418, 157 L.Ed.2d 299 (2003). A law enforcement officer may rely on past experience in a special context, like border areas, in identifying the circumstances that contribute to reasonable suspicion. *Arvizu*, 534 U.S. at 276, 122 S.Ct. 744 (2002); *see also United States v. Brignoni–Ponce*, 422 U.S. 873, 884–85, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

Applying these standards, we conclude that Border Patrol Agents Benson and Smith had reasonable suspicion to stop the Chapin vehicle. Chapin initially aroused Customs Inspector Smith's suspicions when she passed through the Porthill, Idaho Port of Entry. At the time, Chapin was alone and appeared nervous, and her car smelled strongly of marijuana. In addition, inspection of Chapin's purse revealed the odor of marijuana, and a search of the Treasury Enforcement Computer System showed that Chapin had been excluded from Canada the previous month because her car smelled strongly of marijuana, Chapin and her companions had admitted recent marijuana use and there was a large amount of cash in the car. Although Chapin was allowed to leave the Port of Entry, Inspector Smith communicated the information she had obtained to Agent Benson. Agent Benson then contacted Agent Smith and shared the relevant information. They met at an intersection of the single major road leading south from the Porthill Port of Entry and another highway to await a sighting of Chapin's vehicle.

Some time later, a car passed through the intersection matching the make, model,

---

[*] Honorable Clyde H. Hamilton, United States Senior Circuit Judge for the Fourth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

color, and license plate of the suspicious car stopped by Inspector Smith. Agents Benson and Smith concluded that it was Chapin's vehicle. They also observed that Chapin's car had taken approximately one hour to travel fewer than 30 miles in a rural area, and that two people had joined Chapin since her stop at the border. In those two respects, Chapin's behavior comported with the behavior of local drug smugglers. Agent Benson had learned from fellow border patrol agents that it was a common practice of drug smugglers to have one person drive through a port of entry without contraband, while others walk across the border, undetected, with contraband, and later are picked up by the driver.

The combination of Agent Benson's knowledge of Chapin's past and recent behavior at the border, the state of her car at the border, and the match with the local drug courier profile gave rise to reasonable suspicion warranting an investigatory stop. Although innocent explanations might have accounted for the circumstances Agent Benson found suspicious, he was entitled to infer that illegal activity might be afoot and stop the Chapin vehicle for further investigation. *See Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) (reviewing courts must give "due weight to inferences drawn from [the facts] by ... local law enforcement officers"); *United States v. Lopez–Soto,* 205 F.3d 1101, 1105 (9th Cir. 2000) ("An officer is entitled to rely on his training and experience in drawing inferences from the facts he observes, but those inferences must also 'be grounded in objective facts and be capable of rational expla-

nation.'") (quoting *United States v. Michael R.,* 90 F.3d 340, 346 (9th Cir.1996)).

■ We also conclude that Agent Benson had probable cause to search the trunk of Chapin's vehicle.[1] Although "searches conducted without a search warrant ... are presumptively unreasonable," *United States v. Rambo,* 74 F.3d 948, 953 (9th Cir.1996), warrantless searches of cars and the containers within them do not violate the Fourth Amendment when an officer has probable cause to believe that he will discover contraband or evidence of illegal activity. *Id.* (citing *California v. Acevedo,* 500 U.S. 565, 566, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991)). Reviewing an officer's probable cause determination requires consideration of the "total circumstances known to the officer," *United States v. Brooks,* 367 F.3d 1128, 1134 (9th Cir.2004), in light of the "particular contexts in which the standard[ ][is] being assessed." *Ornelas,* 517 U.S. at 696, 116 S.Ct. 1657.

In addition to the substantial evidence contributing to reasonable suspicion discussed above, Chapin further raised Agent Benson's suspicions by lying about the number of occupants within the car when she passed through the Porthill Port of Entry. When Agent Benson asked Chapin if they had all crossed the border together, she replied that they had. This obvious lie contributed significantly to Agent Benson's suspicions that Chapin and her companions had smuggled drugs across the Canadian border, because the lie suggested that Chapin's reasons for picking up her companions on the United States side of the

---

1. We disregard the district court's late probable cause finding in an opinion issued after the opening brief was filed in this court. We nonetheless reach the probable cause issue, as probable cause is a de novo determination

and "we 'may affirm on any ground supported by the record.'" *Leavitt v. Arave,* 371 F.3d 663, 669 (9th Cir.2004) (per curiam) (quoting *Martinez–Villareal v. Lewis,* 80 F.3d 1301, 1305 (9th Cir.1996)).

border were not innocent and, therefore, more likely were related to the suspected drug smuggling. Taken together, the information provided by Inspector Smith, Agent Benson's observations of the car, and Chapin's lie added up to probable cause, validating a warrantless search of Chapin's car.

For the foregoing reasons, we AFFIRM the district court's denial of the joint motion to suppress evidence.