**Jeffrey M. LOUIS, DPM, Plaintiff—Appellant,**

v.

**U.S. DEPARTMENT OF LABOR, an executive department of the United States, Defendant—Appellee.**

No. 04–35389.

D.C. No. CV–03–05534–FDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2005.

Decided Aug. 15, 2005.

Before B. FLETCHER, McKEOWN, and GOULD, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

### MEMORANDUM *

Plaintiff Jeffrey Louis appeals from the district court's grant of summary judgment on his claims for disclosure of documents by the Department of Labor ("Department") under the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1]

As the parties are familiar with the extensive factual and procedural background of this case, we need not recite it here in detail. We mention only that after oral argument, the Department moved to supplement the record with an updated, revised *Vaughn* index[2] that indicates that several of the previously-withheld documents have now been produced, but that the Department still is withholding thirty-five documents under FOIA's Exemption 5. We granted the Department's motion, and, in an attempt to put an expeditious end to this litigation, we ordered the Department to submit the withheld documents to the court for in camera inspection. After conducting a thorough review of the submitted documents, we conclude that each has been properly withheld as attorney-client privileged and/or attorney work-product. 5 U.S.C. § 552(b)(5). We have also determined that there is no segregable, non-privileged information, and thus do not require redaction of the withheld documents. *Id.* § 552(b). We see no need for further discovery into the Department's search methodology. We therefore affirm the judgment of the district court. *See Martinez–Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir.1996) ("We may affirm on any ground supported by the record even if it differs from the rationale of the district court.").

**AFFIRMED IN PART.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In this memorandum, we address only Louis' FOIA claims. The Privacy Act claims are addressed in a separate published opinion.

2. *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C.Cir.1973).

