BRISCOE, Circuit Judge,
concurring.
I concur in the result, but write separately to briefly address the majority’s conclusion that “substantive competence cannot be procedurally barred.” Maj. Op. at 1315. This conclusion is, of course, firmly based on existing Tenth Circuit precedent. In my view, however, we should revisit our ruling on this issue and revise our precedent.
For approximately twenty years, we have held that substantive competency claims asserted by state habeas petitioners cannot be procedurally defaulted. See Clayton v. Gibson, 199 F.3d 1162, 1170 n.3 (10th Cir. 1999); Smallwood v. Gibson, 191 F.3d 1257, 1278 (10th Cir. 1999); Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999); Rogers v. Gibson, 173 F.3d 1278, 1289 (10th Cir. 1999); Walker v. Atty. Gen. for State of Okla., 167 F.3d 1339, 1344 (10th Cir. 1999); Nguyen v. Reynolds, 131 F.3d 1340, 1346 (10th Cir. 1997); Sena v. New Mexico State Prison, 109 F.3d 652, 654 (10th Cir. 1997). It appears that these holdings all derive, to one degree or another, from the Supreme Court’s statement in Pate v. Robinson, 383 U.S. 375, 384, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), that “it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently ‘waive’ his right to have the court determine his capacity to stand trial.”
The problem with our using the Supreme Court’s statement in Pate as our guide, as some of our sister circuits have aptly noted, is that the defenses of waiver and procedural default are very different. The waiver doctrine rests upon a defendant’s “voluntary knowing relinquishment *1319 of a right. Green v. United States, 355 U.S. 184, 191, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); see United States v. Curtis, 344 F.3d 1057, 1066 (10th Cir. 2003). In contrast, the procedural default rule is designed “to ensure that state prisoners not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims.” O’Sullivan v. Boerckel, 526 U.S. 838, 853, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Moreover, the procedural default rule relies solely on the fact that a “claim was rejected by the state court on independent and adequate state grounds.” Martinez-Villareal v. Lewis, 80 F.3d 1301, 1307 (9th Cir. 1996). Given this distinction, some of our sister circuits have reasonably held that substantive competency claims, while not subject to waiver, are subject to the usual procedural default rules that apply to most other constitutional issues. E.g., Hodges v. Colson, 727 F.3d 517, 540 (6th Cir. 2013) (“Although it is true that substantive competency claims cannot be waived, they can be procedurally defaulted. We hereby hold that substantive competency claims are subject to the same rules of procedural default as all other claims that may be presented on habeas.”); Smith v. Moore, 137 F.3d 808, 819 (4th Cir. 1998); Martinez-Villareal, 80 F.3d at 1306-07.
In addition to ignoring the distinctions between waiver and procedural default, the Tenth Circuit’s position on this issue is also inconsistent with the restrictions imposed by Congress on federal habeas review when it enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). To be sure, nothing in AEDPA directly addresses the issue of procedural default (or, relatedly, cause and prejudice). But “Congress enacted AEDPA, not only to afford the appropriate respect for the finality of state court proceedings, but also with the intent to conserve judicial resources and to streamline the federal ha-beas process state prisoners can invoke to challenge those state proceedings.” Case v. Hatch, 731 F.3d 1015, 1045 (10th Cir. 2013). Our treating substantive competency claims as never subject to the procedural default rule seems to me to be contrary to these purposes and also places our court in an odd procedural posture when faced with substantive competency claims that have been procedurally defaulted in state court. Indeed, in cases where, as here, the state courts treated the substantive competency claim as procedurally defaulted, our precedent would require a federal ha-beas court to review the claim de novo and potentially grant federal habeas relief on the basis of a claim that was never addressed on the merits by the state courts.
For these reasons, I believe our court should, either now or at some point in the near future, revisit the issue as an en banc court and hold that substantive competency claims are subject to the procedural default rule.