**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 31 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL RAY WEEKS, | No. 17-17133 |
| Petitioner/Appellant, | D.C. No. 4:14cv02283-DCB |
| v. | |
| CHARLES L. RYAN, Warden; ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | MEMORANDUM* |
| Respondents/Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted October 9, 2018
San Francisco, California

Before: TASHIMA and MURGUIA, Circuit Judges, and HINKLE,**
District Judge

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

Michael Ray Weeks stood trial in an Arizona state court on multiple counts of sexual assault, aggravated assault, and kidnapping. He testified and showed no signs of incompetence while testifying or at any other stage of the proceeding. He did not ask for, and the trial court did not conduct, a competency hearing. The jury convicted Mr. Weeks on all counts but one. He appealed but did not raise any issue related to competence. The Arizona Court of Appeals affirmed.

On state collateral review, Mr. Weeks asserted, among other things, that he was incompetent during the trial, that the trial court should have conducted a competency hearing, and that his attorney rendered ineffective assistance by failing to adequately investigate and assert Mr. Weeks's incompetence. After an evidentiary hearing, the trial court rejected the claims on the merits, finding as a fact that Mr. Weeks was competent during the trial. The Arizona Court of Appeals upheld the merits ruling on the ineffective-assistance claim. The court did not reach the merits of the incompetency claims. Instead, the court held that those claims were "waived" under Arizona Rule of Criminal Procedure 32.2(a)(3) because they were not raised on direct appeal.

Mr. Weeks filed this federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court held that Mr. Weeks procedurally defaulted the incompetency claims. The court upheld the merits ruling on the ineffective-assistance claim based on the deferential standard of review. *See* 28 U.S.C.

§ 2254(d)(1)–(2). The court issued a certificate of appealability on the incompetency claims but not on the ineffective-assistance claim. We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and we affirm.

The district court's ruling was correct. In *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306-07 (9th Cir. 1996), we held that an Arizona court's application of its waiver rule, Rule 32.2(a), to an incompetency claim was an independent and adequate state ground that precluded federal habeas review absent a showing of cause and prejudice. The decision is controlling. Mr. Weeks, like the petitioner there, has not shown cause. This makes it unnecessary to decide whether he has shown prejudice.

AFFIRMED.