**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WADE GREELY LAY,

      Petitioner - Appellant,

v.

TERRY ROYAL, Warden, Oklahoma
State Penitentiary,

      Respondent - Appellee.

No. 15-5111

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 4:08-CV-00617-TCK-PJC)**

---

Susanna M. Gattoni of Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.,
Oklahoma City, Oklahoma (Patti Palmer Ghezzi, Assistant Federal Public
Defender, Oklahoma City, Oklahoma, with her on the briefs), for Petitioner -
Appellant.

Jennifer L. Crabb, Assistant Attorney General (E. Scott Pruitt, Attorney General
of Oklahoma, with her on the brief), Oklahoma City, Oklahoma, for Respondent -
Appellee.

---

Before **KELLY**, **BRISCOE**, and **McHUGH**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

Petitioner-Appellant Wade Greely Lay appeals from the district court's denial of his petition for writ of habeas corpus made pursuant to 28 U.S.C. § 2254 and from the district court's refusal to issue a competency-based stay. Lay v. Trammell, No. 08-CV-617-TCK-PJC, 2015 WL 5838853 (N.D. Okla. Oct. 7, 2015). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Background

In May 2004, Mr. Lay and his son, Chris Lay, attempted to rob a bank in Tulsa, Oklahoma. The Lays entered the bank wearing ski masks and gloves and were armed. Chris immediately ordered a bank employee to get on the ground, which caught the security guard's attention. A shootout resulted in the security guard's death. Injured, the Lays fled without any cash. They did not get very far; authorities apprehended them later that day.

The Lays were tried together in September 2005. Chris was represented by counsel and Mr. Lay chose to proceed pro se. Both admitted guilt, but argued their actions were justified because the government had become tyrannical, and they needed funds from the bank to start a patriotic revolution as was done by the Founding Fathers. Chris and Mr. Lay were convicted of first-degree murder and attempted robbery with a firearm. The jury sentenced Chris to life in prison without parole and Mr. Lay to death. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Mr. Lay's sentence and conviction on direct appeal, Lay v.

State, 179 P.3d 615 (Okla. Crim. App. 2008), abrogated on other grounds by

Harmon v. State, 248 P.3d 918, 938–39 (Okla. Crim. App. 2011), and rejected

both of his applications for post-conviction relief, Lay v. State, No. PCD-2006-

1013 (Okla. Crim. App. Sept. 26, 2008) (unpublished); Lay v. State, No. PCD-

2010-407 (Okla. Crim. App. Oct. 13, 2010) (unpublished); see also Aplt. Br.

Attachs. B & C.

In September 2009, Mr. Lay filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. In 2011, the district court stayed the habeas

proceedings due to Mr. Lay's alleged mental incompetence. It also ordered Mr.

Lay to participate in a psychiatric evaluation, and it set an evidentiary hearing.

Almost two years later, but before an evidentiary hearing was held, the Supreme

Court held in Ryan v. Gonzales that habeas petitioners on death row do not have a

statutory right to be competent during habeas proceedings. 133 S. Ct. 696,

702–03, 706 (2013). The district court then lifted the stay, explained that an

evidentiary hearing would be unnecessary, and denied habeas relief. It also

granted a certificate of appealability (COA) on five of Mr. Lay's claims insofar

as they relate to competency or effective assistance of counsel:

> Claim No. 2: Mr. Lay was incompetent to stand trial and incompetent
> to make trial decisions without the assistance of counsel throughout all
> trial proceedings in violation of his Sixth, Fourteenth, and Eighth
> Amendment rights.
>
> Claim No. 3: [Mr. Lay] was deprived of his Sixth Amendment right to
> the assistance of counsel and his due process right to a fair trial by the

- 3 -

trial judge's acceptance of his invalid and uninformed purported waiver of counsel despite anemic warnings to him about handling his own defense, all in violation of his Eighth Amendment right to a reliable sentencing hearing.

Claim No. 4: The trial court's egregious error in appointing standby counsel for pro-se petitioner in this capital case, but preventing standby counsel from providing the assistance of counsel envisioned by the United States Constitution, resulted in an inadequate waiver of such counsel, in violation of the Sixth Amendment and prevented Mr. Lay from receiving a fair trial under the Fourteenth Amendment, resulting in a death sentence that violates the Eighth Amendment.

Claim No. 5: The trial court unfairly exposed [Mr. Lay] to a fundamentally unfair trial by allowing a pro se petitioner to be the ultimate authority on whether his trial would be severed from that of his son's without obtaining a knowing, intelligent, and voluntary waiver of his rights and all in violation of his Sixth, Eighth, and Fourteenth [Amendment] rights under the United States Constitution. . . .

Claim No. 10: Mr. Lay was denied effective assistance of prior counsel in violation of the Sixth and Fourteenth Amendments.

Lay, 2015 WL 5838853, at *4–5, *56–57.

We granted a COA on an additional issue: "whether the district court should have ordered a temporary stay of the underlying habeas proceedings until [Mr. Lay] could be restored to competency." Order, Feb. 23, 2016. We address this issue first, and then consider the following: (2) procedural and substantive competence, (3) waiver of the right to counsel, (4) ineffective assistance of counsel, and finally, (5) the joint trial.

## Discussion

- 4 -

Under § 2254(d), how much deference we give to a state court's factual and legal conclusions depends on whether the state court reached the merits of the claim. If it did, we cannot grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." This standard is highly deferential — we must give the state court the "benefit of the doubt," Woodford v. Visciotti, 537 U.S. 19, 24 (2002), and our review "is limited to the record that was before the state court that adjudicated the claim on the merits," Cullen v. Pinholster, 563 U.S. 170, 181 (2011). Factual determinations made by the state court are presumed correct, unless an applicant rebuts them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Our review is not a substitute for appeal, but a "guard against extreme malfunctions in the state criminal justice systems." Ryan, 133 S. Ct. at 708 (internal quotation marks and citation omitted). If the state court did not reach the merits, we review the federal district court's legal determinations de novo and factual findings for clear error. Hooks v. Workman, 689 F.3d 1148, 1163–64 (10th Cir. 2012).

A.    Competency-based Stay

We review the district court's refusal to grant a competency-based stay in habeas proceedings for an abuse of discretion. See Ryder ex rel. Ryder v.

- 5 -

Warrior, 810 F.3d 724, 736 (10th Cir. 2016).  District courts may stay habeas proceedings to determine whether the defendant is mentally competent to proceed. Ryan, 133 S. Ct. at 708.  Granting a competency-based stay is an abuse of discretion for claims that (1) the state court resolved on the merits; (2) turn on questions of law; or (3) are unexhausted and procedurally barred.  Ryder, 810 F.3d at 737.

The district court was well within its discretion to deny Mr. Lay's request for a competency-based stay.  Mr. Lay's claims have either been resolved on the merits by the OCCA or are unexhausted and procedurally barred.  Therefore, we are limited to the record that was before the OCCA, even assuming present incompetence and eventual restoration to competence.[1]  See Ryan, 133 S. Ct. at 705–06.  Given our standards of review, Mr. Lay could offer little assistance in developing his arguments.  Ryder, 810 F.3d at 737; see Ryan, 133 S. Ct. at 709.

B.    Procedural and Substantive Incompetence

Mr. Lay argues that he was both procedurally and substantively incompetent during trial.  "A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing, while a substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent."  McGregor v.

---

[1]  The State contests whether Mr. Lay is or has ever been incompetent. Aplee. Br. at 14 n.4.

Gibson, 248 F.3d 946, 952 (10th Cir. 2001) (en banc).  This issue was raised in Mr. Lay's first state application for post-conviction relief.  Aplt. Br. Attach. B at 2–3.  The OCCA concluded that this contention was waived and therefore procedurally barred because it should have been raised on direct appeal.  Id. at 3.  But the OCCA nevertheless rejected the merits of Mr. Lay's claim and found that there was insufficient evidence to warrant a competency hearing.  Id.  Therefore, we may only grant habeas relief if the OCCA's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts available to the OCCA.  Pinholster, 563 U.S. at 181–82.

To resolve Mr. Lay's procedural incompetence claim, we must determine whether "a reasonable judge should have had a bona fide doubt" regarding Mr. Lay's competence at trial.  McGregor, 248 F.3d at 954.  "There are . . . no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed."  Drope v. Missouri, 420 U.S. 162, 180 (1975).  "That said, we look to longstanding precedent for guidance regarding the factors to be considered in assessing a petitioner's procedural competency claim.  '[E]vidence of . . . irrational behavior, . . . demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required.'"  McGregor, 248 F.3d at 954 (quoting Drope, 420 U.S. at 180).  Defense counsel's assessment of the defendant's competence

- 7 -

"is unquestionably a factor which should be considered." Drope, 420 U.S. at 177 n.13. Our review is limited to the evidence that was made available to the state trial court. Allen v. Mullin, 368 F.3d 1220, 1239 (10th Cir. 2004).

A review of the evidence available to the OCCA demonstrates that, although Mr. Lay at times shared with the jury his unusual and conspiratorial beliefs, he conducted himself professionally throughout the proceedings and complied with procedural rules. See id. (finding that petitioner was not procedurally incompetent because "he appeared cogent and rational in colloquy with the court," and "gave every indication he understood the rights the court explained to him"). The evidence before the OCCA suggests that Mr. Lay interacted with the trial court, that he understood the charges against him, the range of punishment he faced, and his rights as explained by the trial court. Importantly, Mr. Lay's defense counsel, who had represented Mr. Lay for more than a year, never questioned his competency despite having ample opportunity to do so. In light of these facts, we cannot say that the OCCA's conclusion was contrary to, or involved an unreasonable application of, settled federal law, or was based on an unreasonable determination of the facts.

Unlike procedural competence, substantive competence cannot be procedurally barred. Rogers v. Gibson, 173 F.3d 1278, 1289 (10th Cir. 1999). The federal district court concluded that Mr. Lay's substantive incompetence claim necessarily fell with his unmeritorious procedural incompetence claim.

Lay, 2015 WL 5838853, at *16. Indeed, "[w]here a petitioner cannot show a bona fide doubt as to his competency, 'he cannot meet the more stringent substantive due process competency standard.'" United States. v. Cornejo-Sandoval, 564 F.3d 1225, 1236 (10th Cir. 2009) (quoting Walker v. Gibson, 228 F.3d 1217, 1230 (10th Cir. 2000)). But this is only true when the evidence for the substantive competence claim is identical to the evidence proffered in support of the procedural competence claim. That is not the case here. The additional evidence attached to Mr. Lay's first application for post-conviction relief (a supplementary evaluation, a record from the Oklahoma Department of Corrections, and affidavits from post-conviction counsel and Mr. Lay's sister) was not before the trial judge, meaning we must evaluate the substantive competence claim notwithstanding our rejection of the procedural competence claim.

After reviewing the additional evidence along with the trial transcript, the OCCA found that Mr. Lay's substantive incompetence argument was "unmeritorius" for lack of evidence. Aplt. Br. Attach. B at 3. We find that the OCCA's conclusion was not based on an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2), and Mr. Lay has not rebutted the OCCA's factual findings by clear and convincing evidence, id. § 2254(e)(1). Cf. Maynard v. Boone, 468 F.3d 665, 672–74 (10th Cir. 2006).

C.     Waiver of Right to Counsel

Mr. Lay next argues that his waiver of his right to counsel was not given

competently, knowingly, or voluntarily. Because the OCCA determined that Mr. Lay's waiver of counsel was valid throughout the trial including the sentencing phase, see Lay, 179 P.3d at 620, we can only grant habeas relief if the OCCA's decision was contrary to, or involved an unreasonable application of, established federal law, or was based on an unreasonable determination of the facts.

The Sixth Amendment permits a defendant to waive the right to counsel and personally defend himself or herself at trial. Faretta v. California, 422 U.S. 806, 819 (1975). "[A]lthough [the defendant] may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law." Id. at 834 (citation and internal quotation marks omitted). A waiver is only valid if the defendant is competent, and if the waiver is given knowingly and voluntarily. Maynard, 468 F.3d at 676.

"The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the ability to understand the proceedings." Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993) (emphasis omitted). This standard "is the same [one] used to determine whether the defendant is competent to stand trial." United States v. DeShazer, 554 F.3d 1281, 1288 (10th Cir. 2009). As discussed above, the OCCA concluded Mr. Lay was competent, which means his waiver of counsel was effective throughout the sentencing phase.

"The purpose of the 'knowing and voluntary' inquiry . . . is to determine whether the defendant actually does understand the significance and consequences

of a particular decision and whether the decision is uncoerced." <u>Godinez</u>, 509 U.S. at 401 n.12 (emphasis omitted). The facts demonstrate that Mr. Lay knowingly and voluntarily waived his right to counsel. The judge discouraged Mr. Lay from proceeding pro se, and told him that navigating his way through his capital trial would be difficult and that he would be subject to certain rules and procedures. Mr. Lay understood his life was at stake and that he would not have stand-by counsel, but decided to represent himself because, as he told the judge several times, he was confident in his abilities. Mr. Lay argues that the trial judge erred by not specifically warning Mr. Lay of the difficulties associated with representing himself at the penalty phase and by not explaining mitigating evidence. But "[n]o precise litany is prescribed. Rather, the court should question the defendant as long and as thoroughly as the circumstances of the case demand." <u>United States v. Padilla</u>, 819 F.2d 952, 959 (10th Cir. 1987).

      D.    <u>Ineffective Assistance of Counsel</u>

Mr. Lay argues that his appellate counsel on direct appeal was ineffective for failing to raise the following claims: (1) Mr. Lay did not have the opportunity to confront the medical examiner who wrote the report detailing the cause of the the security guard's death; (2) Mr. Lay was incompetent at trial; (3) Mr. Lay's incompetence led to a lack of mitigating evidence at trial; and (4) the trial court did not instruct the jury regarding the victim impact evidence.

Mr. Lay first claims that his appellate counsel was ineffective for failing to

-11-

argue that he was deprived of his rights under the Confrontation Clause because he could not confront the medical examiner who authored the report about the security guard's death. The OCCA concluded the factual basis for the claim was available when the medical examiner testified, and that this claim was time-barred because it was first raised in Mr. Lay's second application for post-conviction relief. Aplt. Br. Attach. C at 3–4. Mr. Lay also claimed that the failure to raise this claim constituted ineffective assistance of counsel, and the OCCA likewise held that such a claim was procedurally barred. Id. at 4–5. As we understand his argument, Mr. Lay contends that his first post-petition counsel's ineffectiveness provides cause to overcome the procedural default of his ineffective assistance of appellate counsel claim. He relies upon Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 133 S. Ct. 1911 (2013), in support. But Martinez does not apply because "Oklahoma law permit[s a defendant] to assert his claim of ineffective assistance of trial counsel on direct appeal." Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir. 2012). Nor does Trevino apply because "Oklahoma provides a reasonable time to investigate a claim of ineffective assistance [of trial counsel] before raising it on direct appeal," the claim "can be raised with the opening brief on appeal," and "the brief can be accompanied by a request to supplement the record." Fairchild v. Trammell, 784 F.3d 702, 721 (10th Cir. 2015). Mr. Lay's claim that appellate counsel was ineffective for failing to raise his Confrontation Clause claim is procedurally barred.

-12-

We reject Mr. Lay's second and third claims because, as explained above, Mr. Lay's incompetence argument is not plainly meritorious, Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003); there is not a reasonable probability that the result of the proceeding would have been different, see Strickland v. Washington, 466 U.S. 668, 694 (1984).

Mr. Lay's last argument is that his appellate counsel should have contested the trial court's failure to limit the victim impact evidence presented at trial. This claim was raised in his first application for post-conviction relief both as a substantive claim and one for ineffective assistance of counsel. Aplt. Br. Attach. B at 4. The substantive claim was rejected as procedurally barred and the OCCA concluded that the ineffective assistance claim had no merit. The failure to raise an unmeritorious ineffective assistance of counsel claim cannot be error. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).

E.    Joint Trial

Finally, Mr. Lay gives three reasons why his joint trial was improper: (1) admitting Chris's non-testimonial incriminating confession at sentencing violated Mr. Lay's right to confront witnesses; (2) Mr. Lay did not receive an individualized sentencing; and (3) the jury instructions should have prohibited the jury from treating Chris's mitigating statements as incriminating testimony against Mr. Lay. Because the OCCA addressed the merits of these arguments on direct appeal, Lay, 179 P.3d at 622–23, we may only grant habeas relief if we find

-13-

that the OCCA's decision was contrary to, or involved an unreasonable application of, settled federal law, or was based on an unreasonable determination of the facts.

First, Mr. Lay argues that the district court should not have permitted a joint trial because Chris's confession incriminated Mr. Lay.  Admitting an incriminating confession by a non-testifying co-defendant may violate the Confrontation Clause of the Sixth Amendment.  See Bruton v. United States, 391 U.S. 123, 131–32 (1968).  But we do not address the merits of this argument because it was not presented to the OCCA.

Second, Mr. Lay argues that he did not receive an individualized sentence because he was sentenced jointly with Chris and Chris's mitigating evidence implicated him.  Giving defendants in capital cases "individualized consideration [during sentencing is] a constitutional requirement" under the Eighth Amendment. Lockett v. Ohio, 438 U.S. 586, 605 (1978) (plurality opinion).  This means courts "must focus on 'relevant facets of the character and record of the individual offender.'"  Enmund v. Florida, 458 U.S. 782, 798 (1982) (quoting Woodson v. North Carolina, 428 U.S. 280, 304 (1976)).  "The test . . . for a constitutional violation attributable to evidence improperly admitted at a capital-sentencing proceeding is whether the evidence 'so infected the sentencing proceeding with unfairness as to render the jury's imposition of the death penalty a denial of due process.'"  Kansas v. Carr, 136 S. Ct. 633, 644–45 (2016) (quoting Romano v.

-14-

Oklahoma, 512 U.S. 1, 12 (1994)).  That the evidence would not have been admitted at a severed trial does not necessarily require resentencing.  Id. at 645.  But the guarantee of an individualized sentencing does not mean a trial court must sua sponte sever the trial when both defendants repeatedly refuse severance as was the case here; no authority compels that conclusion.  Failure to file a pre-trial motion for severance constitutes waiver,  Rhyne v. State, 514 P.2d 407, 410 (Okla. Crim. App. 1973), so explicitly refusing severance must as well.  Any related error was invited, see generally United States v. Carrasco-Salazar, 494 F.3d 1270, 1272 (10th Cir. 2007), and not plain, cf. United States v. Barron, 594 F.2d 1345, 1351 (10th Cir. 1979) ("The defendant must show, in view of not having objected, that the trial court abused its discretion to the degree that the joinder was plain error.").  The Lays' joint sentencing was not fundamentally unfair.  See Carr, 136 S. Ct. at 646.

Third, Mr. Lay asserts that the trial court should have instructed the jury not to view Chris's mitigation evidence as aggravating evidence for Mr. Lay.  Because Mr. Lay did not object to the jury instructions at trial, the OCCA applied the plain error doctrine, see Romano v. State, 909 P.2d 92, 120 (Okla. Crim. App. 1995), and found that an existing jury instruction required jurors to give each defendant separate and individualized consideration, Lay, 179 P.3d at 622.  The jury instruction the trial court included required the jury to give individual consideration during sentencing and a jury is presumed to follow its instructions.

-15-

Richardson v. Marsh, 481 U.S. 200, 211 (1987).  Based on the foregoing analysis, we cannot say that the OCCA's decision was contrary to, or involved an unreasonable application of, settled federal law, or was based on an unreasonable determination of the facts.

All pending motions are denied, and any arguments not explicitly addressed have been considered and rejected.

AFFIRMED.

No. 15-5111, Lay v. Royal

**BRISCOE**, Circuit Judge, concurring.

I concur in the result, but write separately to briefly address the majority's

conclusion that "substantive competence cannot be procedurally barred." Maj. Op. at 8.

This conclusion is, of course, firmly based on existing Tenth Circuit precedent. In my

view, however, we should revisit our ruling on this issue and revise our precedent.

For approximately twenty years, we have held that substantive competency claims

asserted by state habeas petitioners cannot be procedurally defaulted. See Clayton v.

Gibson, 199 F.3d 1162, 1170 n.3 (10th Cir. 1999); Smallwood v. Gibson, 191 F.3d 1257,

1278 (10th Cir. 1999); Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999); Rogers

v. Gibson, 173 F.3d 1278, 1289 (10th Cir. 1999); Walker v. Atty. Gen. for State of Okla.,

167 F.3d 1339, 1344 (10th Cir. 1999); Nguyen v. Reynolds, 131 F.3d 1340, 1346 (10th

Cir. 1997); Sena v. New Mexico State Prison, 109 F.3d 652, 654 (10th Cir. 1997). It

appears that these holdings all derive, to one degree or another, from the Supreme Court's

statement in Pate v. Robinson, 383 U.S. 375, 384 (1966), that "it is contradictory to argue

that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right

to have the court determine his capacity to stand trial."

The problem with our using the Supreme Court's statement in Pate as our guide, as

some of our sister circuits have aptly noted, is that the defenses of waiver and procedural

default are very different. The waiver doctrine rests upon a defendant's "voluntary

knowing relinquishment of a right." Green v. United States, 355 U.S. 184, 191 (1957);

see United States v. Curtis, 344 F.3d 1057, 1066 (10th Cir. 2003). In contrast, the

procedural default rule is designed "to ensure that state prisoners not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims." O'Sullivan v. Boerckel, 526 U.S. 838, 853 (1999).   Moreover, the procedural default rule relies solely on the fact that a "claim was rejected by the state court on independent and adequate state grounds." Martinez-Villareal v. Lewis, 80 F.3d 1301, 1307 (9th Cir. 1996).  Given this distinction, some of our sister circuits have reasonably held that substantive competency claims, while not subject to waiver, are subject to the usual procedural default rules that apply to most other constitutional issues.  E.g., Hodges v. Colson, 727 F.3d 517, 540 (6th Cir. 2013) ("Although it is true that substantive competency claims cannot be waived, they can be procedurally defaulted.  We hereby hold that substantive competency claims are subject to the same rules of procedural default as all other claims that may be presented on habeas."); Smith v. Moore, 137 F.3d 808, 819 (4th Cir. 1998); Martinez-Villareal, 80 F.3d at 1306-07.

In addition to ignoring the distinctions between waiver and procedural default, the Tenth Circuit's position on this issue is also inconsistent with the restrictions imposed by Congress on federal habeas review when it enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  To be sure, nothing in AEDPA directly addresses the issue of procedural default (or, relatedly, cause and prejudice).  But "Congress enacted AEDPA, not only to afford the appropriate respect for the finality of state court proceedings, but also with the intent to conserve judicial resources and to streamline the

federal habeas process state prisoners can invoke to challenge those state proceedings." Case v. Hatch, 731 F.3d 1015, 1045 (10th Cir. 2013). Our treating substantive competency claims as never subject to the procedural default rule seems to me to be contrary to these purposes and also places our court in an odd procedural posture when faced with substantive competency claims that have been procedurally defaulted in state court. Indeed, in cases where, as here, the state courts treated the substantive competency claim as procedurally defaulted, our precedent would require a federal habeas court to review the claim de novo and potentially grant federal habeas relief on the basis of a claim that was never addressed on the merits by the state courts.

For these reasons, I believe our court should, either now or at some point in the near future, revisit the issue as an *en banc* court and hold that substantive competency claims are subject to the procedural default rule.