**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MIGEL C. WISE,

     Petitioner - Appellant,

v.

MATTHEW HANSEN; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 20-1172
(D.C. No. 1:19-CV-01157-RBJ)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Migel C. Wise seeks to appeal the denial of his petition for a writ of habeas corpus

under 28 U.S.C. § 2254. We conclude Mr. Wise is not entitled to a certificate of

appealability ("COA") and dismiss this matter.

**I**

Mr. Wise was charged in Colorado state court with attempted first-degree murder

after deliberation, first-degree burglary, second-degree assault, and a crime of violence

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence enhancer. Prior to his jury trial on those charges, he made several requests to waive his right to counsel and proceed pro se.

Mr. Wise first asked to represent himself at a pretrial hearing, directly after his counsel requested that he undergo a competency evaluation. The trial court responded that the issue of Mr. Wise's competency had to be resolved before he would be permitted to waive his right to counsel. The court also informed Mr. Wise that the decision to proceed without counsel carried serious consequences. While the competency evaluation was pending, Mr. Wise filed pro se requests to proceed without counsel.

The trial court subsequently received a report from a psychologist, who opined that Mr. Wise was competent to stand trial. Mr. Wise's counsel challenged the psychologist's finding and requested a competency hearing. The trial court then made a preliminary finding of competency based on the report and discussed setting a competency hearing. Mr. Wise responded by making another request to proceed pro se. The trial court, however, declined to permit Mr. Wise to proceed pro se at that point, finding that there were irreconcilable differences between Mr. Wise and his counsel. The trial court stated, "I know you want to represent yourself, and I don't want to do that yet until you've talked to one more lawyer who is . . . outside of this competency issue." ROA at 238.

The following week, alternate defense counsel (ADC) appeared in court with Mr. Wise. At this pretrial hearing, ADC stated that Mr. Wise wished to address the court. Mr. Wise informed the court that his speedy trial date had been calculated incorrectly.

2

The trial court asked Mr. Wise if there was "[a]nything else." Mr. Wise did not reassert his request to proceed pro se. *Id.* at 465.

The trial court then appointed ADC to represent Mr. Wise and he did not object, but the issue of his competency persisted. ADC requested an independent competency evaluation and argued that the first psychologist's report was inadequate. Mr. Wise underwent a second evaluation, and the independent psychologist stated that he had no reason to disagree with Mr. Wise's initial competency evaluation. Mr. Wise never again asked to represent himself. Instead, he proceeded to trial represented by ADC.

Mr. Wise was convicted on all charges against him and was sentenced to an aggregate 40-year term of imprisonment. His convictions were affirmed on direct appeal. He then filed a motion for post-conviction relief. The trial court denied Mr. Wise's motion, and the Colorado Court of Appeals affirmed.

Mr. Wise subsequently filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions. In his petition, he asserted five claims for relief: (1) the state trial court denied his Sixth Amendment right to represent himself; (2) trial counsel was constitutionally ineffective by failing to prepare a meaningful defense; (3) trial counsel was constitutionally ineffective by failing to move for a mistrial; (4) appellate counsel was constitutionally ineffective by failing to raise the trial court's admission of prejudicial character evidence on direct appeal; and (5) appellate counsel was constitutionally ineffective by failing to raise a Fifth Amendment issue on direct appeal. The district court denied Mr. Wise's petition and denied a COA,

3

concluding that Mr. Wise was not entitled to federal habeas relief. Mr. Wise timely filed a notice of appeal.

## II

A state prisoner must obtain a COA in order to appeal a denial of federal habeas relief. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). A petitioner seeking a COA must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This, in turn, requires a demonstration that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Put another way, a state prisoner must show that the district court's resolution of his or her constitutional claim was "debatable or wrong." *Id.*

Habeas petitions are evaluated under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. A state prisoner must first exhaust his or her claims in state court before a federal court may review them. 28 U.S.C. § 2254(b)(1)(A). For claims adjudicated by a state court on the merits, federal relief is proper only if the prisoner shows the state court decision was "contrary to, or involved an unreasonable interpretation of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that

4

determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). On federal appeal, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

## III

## A

In his first claim for relief, Mr. Wise asserts that the state trial court denied him his Sixth Amendment right to represent himself. On direct appeal, the Colorado Court of Appeals rejected Mr. Wise's Sixth Amendment claim because he did not request to waive counsel at any point after the trial court determined that he was competent to proceed. For its part, the federal district court concluded that the state court did not unreasonably apply *Faretta v. California*, 422 U.S. 806 (1975), given that "the issue of [Mr. Wise's] competency had been raised . . . and was not fully resolved when Mr. Wise told the trial court he wished to represent himself." ROA at 471.

In his application for a COA, Mr. Wise argues that it is "mutually opposed to and/or an unreasonable application of the law clearly established in *Faretta*, to conclude that a trial court does not err when it responds to a defendant's numerous unequivocal requests to represent himself by 'immediately thereafter' discharging the rejected attorney and appointing another." Aplt. Supp. Br. at 4. We disagree that the state court's resolution of Mr. Wise's Sixth Amendment claim was contrary to, or an unreasonable application of, the law clearly established in *Faretta*.

5

We first acknowledge that a defendant has the Sixth Amendment right to waive his right to counsel and represent himself in a criminal case. *Faretta*, 422 U.S. at 821, 832. But "the right is not absolute." *Munkus v. Furlong*, 170 F.3d 980, 984 (10th Cir. 1999). Among other requirements, a defendant must be competent before he can invoke his Sixth Amendment right to waive counsel. *See Godinez v. Moran*, 509 U.S. 389, 396 (1993) ("A criminal defendant may not be tried unless he is competent, and he may not waive his right to counsel or plead guilty unless he does so competently and intelligently.") (citations and quotations omitted); *see also Lay v. Royal*, 860 F.3d 1307, 1315 (10th Cir. 2017) (holding that "[a] waiver [of counsel] is only valid if the defendant is competent"). Importantly, *Faretta* itself sets forth such a requirement. In *Faretta*, the Supreme Court concluded that the state court deprived the defendant of his right to conduct his own defense by forcing him "to accept against his will a state-appointed public defender," but only because "[t]he record affirmatively show[ed] that [the defendant] was literate, *competent*, and understanding." 422 U.S. at 835–36 (emphasis added).

In this case, Mr. Wise did make several clear requests to invoke his Sixth Amendment right to represent himself. But he made those requests only when his competency was at issue, in contrast with the defendant in *Faretta*.[1] Specifically, Mr. Wise requested to proceed pro se: (1) when his initial counsel first raised the issue of his

---

[1] Mr. Wise also relies on *Moore v. Haviland*, 531 F.3d 393, 403 (6th Cir. 2008), for the proposition that the trial court's failure to rule on a defendant's unequivocal request to proceed pro se is an unreasonable application of *Faretta*. In *Moore*, however, the defendant's competency was not at issue when he requested to waive counsel.

competency; (2) while the first competency report was pending; and (3) directly after his

initial counsel requested a competency hearing to challenge the report, which was prior to

ADC's request for an independent evaluation. Because a defendant may not waive

counsel unless he is competent, and Mr. Wise only invoked his Sixth Amendment right to

waive counsel when his competency was in question, we conclude that the state court did

not unreasonably apply *Faretta* in rejecting his Sixth Amendment claim. That is, the

state court decision was not "so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded

disagreement," as required for federal relief. *Harrington v. Richter*, 562 U.S. 86, 103

(2011). Mr. Wise has also failed to show that the state court decision was based on an

unreasonable determination of the facts. We therefore conclude that the district court's

resolution of his Sixth Amendment claim was not reasonably debatable.

**B**

We now turn to Mr. Wise's ineffective assistance of counsel claims. In his

application for a COA, Mr. Wise only challenges the district court's resolution of claim

two—that ADC failed to set forth a meaningful defense by tendering the affirmative

defense instruction of "defense of property," which conflicted with Mr. Wise's sworn

testimony describing the shooting as an accident. *See* Aplt. Supp. Br. at 6.[2] The district

court concluded that Mr. Wise was not entitled to federal habeas relief on this claim,

given that "Mr. Wise's trial testimony could have allowed the jury to rationally find that

---

[2] Because Mr. Wise does not challenge the district court's ruling as to claims three through five, we regard those claims as abandoned or waived.

7

he either shot the victim accidentally or that the gun discharged as a result of his holding it in defense of property, and either theory could have resulted in an acquittal." ROA at 480–81.

In his application for a COA, Mr. Wise offers nothing to meaningfully impeach the district court's reasoning. He has not shown that the state court decision was based on an unreasonable determination of the facts, and he also fails to argue that the state court decision was contrary to, or an unreasonable application of, clearly established *federal* law. *See, e.g.*, Aplt. Br. at 16–18 (citing Colorado state court cases). While we liberally construe the filings of pro se appellants, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), we are "not required to manufacture an appellant's argument on appeal when [he] has failed in [his] burden to draw our attention to the error below." *Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) (quotations omitted). And, in any event, we are not persuaded that the state court decision was contrary to, or an unreasonable application of, the standard for evaluating ineffective assistance of counsel claims set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

**IV**

Because Mr. Wise fails to show that the federal district court's resolution of his claims was debatable, we DENY his request for a COA and DISMISS this matter.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

8