**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AGUSTIN NIETO REGALADO, also
known as Marcos Diaz,

    Defendant - Appellant.

No. 20-5024

(D.C. No. 4:19-CR-00114-CVE-1)

(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, **MURPHY** and **HARTZ**, Circuit Judges.

---

Agustin Regalado went to trial on two separate federal criminal counts, one

for attempted coercion and enticement of a minor and the other for possession of

a false permanent resident card. Although these charges were tried at the same

trial and before the same jury, they are factually and legally wholly unrelated.

This is not uncommon. Sometimes the charges brought by the government

against a criminal defendant are related, and other times they are not. When a

criminal defendant is charged with unrelated crimes and then goes to trial, the

---

[*] This case was submitted on the briefs. This order and judgment is not
binding precedent except under the doctrines of law of the case, res judicata and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jury will inevitably hear evidence that is relevant to one charge and irrelevant to the other.

That is what happened here. The district court ruled that evidence of Regalado's past acts of child molestation was admissible at trial in connection with the enticement count under Federal Rule of Evidence 414. Per this rule, in criminal child molestation cases, "evidence that the defendant committed any other child molestation" is admissible. This rule further explains that this evidence "may be considered on any matter to which it is relevant." Regalado asks this court to deem the admission of such compound evidence per se plain error when a district court fails to give a limiting instruction prohibiting the jury from considering it specifically as to an unrelated count. In his view, the jury instructions here limiting the jury's consideration of the evidence to "relevant" matters were not good enough.

We disagree and affirm Regalado's conviction of possession of a false lawful permanent resident card.

## I. Background

After the mother of an 11-year-old girl discovered a message from a middle-aged man on her daughter's phone, she began messaging him as her daughter. The mother discovered that the man, Regalado, had molested her daughter two years prior when they were living in the same house. Regalado also messaged that he wanted to see her daughter, to which the mother, still pretending

to be her daughter, responded, "Hey, you know, I'm only 11 years old." R., Vol. II at 53. Regalado said that he knew her daughter was only 11 and told her not to tell anyone.

The mother took her daughter's phone to the police. Acting as the daughter, the police set up a meeting with Regalado at a QuikTrip to arrest him. Regalado showed up as planned, and when the officers approached him sitting in his vehicle, his phone was open to his conversation with the daughter. Regalado was arrested.

After his arrest, the police looked through his wallet. In it they discovered multiple forms of identification—two permanent resident cards with different birth dates, a border crossing card, and a Mexican voter credential card—bearing multiple names—Marcos Diaz, Marcos Perez-Diaz, and Agustin Nieto Regalado. All the cards bore Regalado's photograph. The alien registration number on one of the permanent resident cards was associated with a woman from Trinidad and Tobago, indicating it was counterfeited.

Regalado was charged with two separate and unrelated counts: (1) Attempted Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b); and (2) Possession of False Lawful Permanent Resident Card in violation of 18 U.S.C. § 1546(a). Both of his charges proceeded to trial, and each was tried before the same jury. Prior to trial, the district court ruled that certain evidence of Regalado's past acts of child molestation was admissible pursuant to

Federal Rule of Evidence 414. Just before the evidence's admission at trial, the district court gave the following limiting instruction:

> You are about to hear testimony of other acts of alleged child molestation committed by the defendant against D.F. This testimony can be considered for its bearing on any matter to which it is relevant, including defendant's motive, intent, plan, and absence of mistake but is not sufficient in itself to prove guilt of the present charges. The defendant is not on trial for any act, conduct, or offense not charged in the indictment.

R., Vol. II at 61. The jury instructions also reiterated these points:

> You are instructed that a separate crime or offense is charged in each count of the indictment. Each crime or offense as charged and the evidence applicable thereto, should be considered separately, and a verdict of guilty or not guilty as to each count or offense should likewise be considered separately. Of course, some evidence may pertain to more than one count.
>
> The fact that you may find defendant guilty or not guilty as to the crime or offense charged in one count should not control your verdict with reference to the other count.
>
> *  *  *
>
> You have heard testimony of other acts of alleged child molestation committed by the defendant against D.F., M.S., and T.S. This testimony can be considered for its bearing on any matter to which it is relevant including defendant's motive, intent, plan, and absence of mistake, but is not sufficient in itself to prove the guilt of the present charges. The defendant is not on trial for any act, conduct, or offense not charged in the indictment.

R., Vol. I at 68, 83.

Regalado failed to request more specific jury instructions in his proposed jury instructions or to object to the final jury instructions. He was convicted on both counts.

## II. Analysis

Regalado argues that the jury instructions' failure to limit the jury's consideration of the past child molestation evidence to Count One was plain error. As a result, he asks the court to vacate his conviction of Count Two and remand for a new trial.

Regalado did not object to the jury instructions below. As a result, he can only prevail on appeal if he satisfies the plain error standard of review. The party seeking relief under the plain error standard must show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wireman*, 849 F.3d 956, 962 (10th Cir. 2017) (internal quotation marks omitted). This standard is difficult to meet, and the court will only find it satisfied "when an error is particularly egregious, and the failure to remand for correction would produce a miscarriage of justice." *United States v. Mann*, 786 F.3d 1244, 1249 (10th Cir. 2015).

### A. *Plain Error*

Regalado fails to show the jury instructions adopted by the district court constitute a plain error. He cites no cases, Tenth Circuit or otherwise, in support

of his argument. Instead, he focuses on the inadmissibility of his past acts of child molestation as to Count Two. He also asserts that as a result of this inadmissibility, unless child molestation evidence is explicitly limited to the relevant crime by a jury instruction, then a conviction of any other unrelated crime in the same trial almost automatically fails plain error review.

Regalado is correct that evidence of his past acts of child molestation is irrelevant and extremely prejudicial as to his unrelated charge of possession of a false lawful permanent resident card. That does not, however, prevent its admission at his trial for another proper purpose, like for consideration as to his charge of attempted coercion and enticement of a minor—a charge to which the evidence is highly relevant and that enables its admission per Federal Rule of Evidence 414.[1]

The district court's limiting instructions repeatedly directed the jury to only consider the past child molestation evidence "for its bearing on any matter to which it is relevant." R., Vol. I at 68, 83. And here, it is common sense that child molestation is irrelevant to whether Regalado possessed a false permanent resident card.

---

[1] Federal Rule of Evidence 414(a) provides: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant."

Although Regalado's point is well-taken that generally, society has an extreme disdain for child molesters, that does not mean it is impossible for a juror to follow the district court's instructions and only consider child molestation evidence for relevant purposes. And without evidence to the contrary, we presume a jury followed the district court's instructions. *See Lay v. Royal*, 860 F.3d 1307, 1318 (10th Cir. 2017). Thus, Regalado does not satisfy his burden to show that the district court's failure to give more specific jury instructions was plain error. His conviction of Count Two is thus affirmed.[2]

### B.    Substantial Rights

Even if the jury instructions constitute a plain error, Regalado's conviction of Count Two should still be affirmed because he has not shown that the alleged error affected his substantial rights. "An error seriously affects [a] defendant's substantial rights . . . when the defendant demonstrates that there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Rosales-Miranda*, 755 F.3d 1253, 1258 (10th

_____

    [2] It is unclear if a limiting instruction in these circumstances is even required with the admission of Federal Rule of Evidence 414 evidence. *Compare* Fed. R. Evid. 404(b) (prohibiting evidence of another act to show propensity unless it is admissible for another purpose, like to prove motive, opportunity, intent, or absence of mistake) *with* Fed. R. Evid. 414 (evidence of prior acts of child molestation "may be considered on any matter to which it is relevant"); *see United States v. Bartunek*, 969 F.3d 860, 864 (8th Cir. 2020) (finding no limiting instruction is required); *United States v. Resnick*, 823 F.3d 888, 896 (7th Cir. 2016) (same); *see also United States v. Chaco*, 520 F. App'x 694, 697 (10th Cir. 2013) (unpublished) (finding no plain error where a district court failed to give a Federal Rule of Evidence 414 limiting instruction sua sponte).

Cir. 2014) (internal quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Trujillo*, 960 F.3d 1196, 1201 (10th Cir. 2020), *petition for cert. filed* (Oct. 26, 2020) (No. 20-6162).

The government presented ample evidence of Regalado's guilt of Count Two at trial. To secure a conviction of 18 U.S.C. §1546(a) for possession of a false lawful permanent resident card, the government must prove beyond a reasonable doubt that the defendant (1) possessed a document, (2) prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, (3) that is forged, counterfeited, altered, or falsely made, and (4) the defendant knows is forged, counterfeited, altered, or falsely made.

As to the first two elements of Count Two, the government presented evidence that Regalado was the only one in the vehicle when he was arrested and, after his arrest, a wallet was found on him containing a permanent resident card with his photograph and the name "Marcos Diaz." R., Vol. II at 103, 106–08. At trial, the parties stipulated that a permanent resident card "is in fact a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States." R., Vol. I at 87. This evidence showed that Regalado possessed a permanent resident card prescribed by statute for entry into the United States.

As to the third element of Count Two, the government presented testimony that the alien registration number on the permanent resident card was associated with a woman from Trinidad and Tobago. R., Vol. II at 114. This discrepancy indicated that the card was counterfeited.

Finally, as to the fourth element of Count Two, the government presented testimony that the wallet also contained a border crossing card and a Mexico voter credential card with Regalado's true name. *Id*. at 108–09. The parties further stipulated that Regalado's true name was "Agustin Nieto Regalado." *Id*. at 114. Thus, the simultaneous possession of a border crossing card under Regalado's true name and a permanent resident card under another name (Marcos Diaz) supported an inference that Regalado knew the permanent resident card in his possession was counterfeited.

This government evidence supported each element of Count Two. Indeed, Regalado concedes as much by stating in his brief that "[t]he evidence of guilt in Count Two was more than sufficient for conviction." Aplt. Br. at 14. Notwithstanding this concession, Regalado contends the alleged error affected his substantial rights because "[t]he child molestation evidence available to the jury while adjudging Count Two was arresting enough to lure a juror into a sequence of bad character reasoning." *Id*. at 12 (internal quotation marks omitted). He continues:

> Because of the particularly extreme disdain that people have for child molesters, a reasonable likelihood exists that the jury relied on a character for criminal propensity to find Mr. Regalado guilty of Count Two, rather than the basis submitted by the government.

*Id*. at 13.

Boiled down, Regalado argues that evidence of child molestation is so prejudicial that any time it is admitted at trial in a case with an unrelated count, there is a reasonable likelihood that a jury will improperly rely on that evidence to convict the defendant of the unrelated count. But again, this reasoning ignores the district court's jury instructions to only consider such evidence for relevant purposes. And it is common sense that child molestation is irrelevant to whether Regalado possessed a false permanent resident card. We trust that the jury here possessed such common sense and followed the instructions given by the district court. *See Lay*, 860 F.3d at 1318.

The government presented evidence of the elements of Count Two, which even Regalado concedes was enough for his conviction. But he still asserts the alleged error affected his substantial rights because of the inherently prejudicial nature of child molestation evidence. This assertion does not, however, undermine our confidence in the outcome, *see Trujillo*, 960 F.3d at 1201, as it ignores Regalado's concession that the government provided enough evidence to convict him of Count Two. Indeed, with overwhelming evidence of guilt, there is

-10-

no reasonable probability that, but for the alleged error, the outcome of the proceeding would have been different. *See Rosales-Miranda*, 755 F.3d at 1258.

Without a showing that the alleged error affected his substantial rights, Regalado cannot satisfy the plain error standard of review.

## III. Conclusion

The evidence of Regalado's past acts of child molestation undoubtedly would be inadmissible in a trial on Count Two alone. But sometimes, unrelated charges are tried together. If a defendant is concerned about prejudice from one charge bleeding into an unrelated charge, he can ask the district court to bifurcate the trial. And if the defendant does not do so, or if the district court denies his bifurcation motion, the system has additional safeguards built in to prevent such bleeding, like pretrial admissibility hearings, voir dire, and limiting instructions.

Before the district court, Regalado did not file a bifurcation motion, nor did he propose the more specific jury instructions he now urges this court to fault the district court for not adopting sua sponte. We decline to adopt the sweeping rule proposed by Regalado that jury instructions in these circumstances must be more specific, especially because we find no error in the district court's instructions that the jury only consider the past child molestation evidence for relevant purposes, and common sense dictates that consideration of child molestation evidence as to a charge for possession of a false permanent resident card would not be a relevant purpose.

In light of the above, we **AFFIRM** Regalado's conviction.

Entered for the Court

Timothy M. Tymkovich
Chief Judge